## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 92-KA-00659-SCT

*JAMES ROBERT WHITWORTH*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/26/92 |
| TRIAL JUDGE: | HON. GEORGE C. CARLSON, JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PAUL R. SCOTT |
| | SUSAN M. BREWER |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 3/28/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/18/96 |

**EN BANC.**

**PITTMAN, JUSTICE, FOR THE COURT:**

¶1. The defendant, James Robert Whitworth, was convicted in the Circuit Court of DeSoto County of the crime of manufacturing more than one ounce, less than one kilogram of marijuana, in violation of Miss. Code Ann. §  41-29-139 (b) (2) (Supp. 1989). This charge was count six of an indictment; the trial court severed this count from the remaining five.

¶2. Whitworth raises five issues, four of which are without merit. We address the remaining question: whether a jury may take into consideration the weight of the stems of the marijuana plant in determining whether the defendant manufactured more than one ounce of marijuana. We hold that a jury may take into account the weight of the stems.

¶3. Whitworth argues that the trial court erred by giving instruction C-11, which allowed the jury to consider the weight of the marijuana stems if it desired to do so in its determination of the marijuana produced. Miss. Code Ann. §41-29-105 (q) defines "manufacture" as the "production, preparation, propagation, compounding, conversion or processing of [marijuana], either directly or indirectly. . . ."

Whitworth contends that the marijuana stems were not being manufactured as defined by the statute and thus the weight of the stems should not be considered in determining the amount of marijuana. His main contention seems to be that the stems were not living and growing on the date of the arrest, and so they were not being manufactured.

¶4. Whitworth was charged and convicted of manufacturing marijuana. Miss. Code Ann. § 41-29-105 (r) defines "Marihuana" as "<u>all parts of the plant</u> of the genus Cannabis and all species thereof, <u>whether growing or not</u>, the seeds thereof, and every compound, manufacture, salt, derivative, mixture or preparation of the plant or its seeds, excluding hashish."(emphasis added) The legislature did not exclude stems in its definition. Additionally, the crime lab expert witness testified that all parts of the plant, excluding the seeds, are referred to as marijuana, and that the stems are part of the marijuana plant. Moreover, §41-29-139 (b)(2) proscribes the penalty for a person who violates subsection (a) with respect to the weight of marijuana in question. Nowhere in this section does the legislature exclude stems from consideration. *But see **Sessions v. State***, 106 Nev. 186, 789 P.2d 1242 (1990) (where in a case for trafficking marijuana weighing over one hundred pounds the court found that the stems and stalks should not have been included in the weight. The Nevada statute, like the Mississippi statute, defined "Marihuana" as all parts of the plant. However, a subsequent section of the Nevada statute excluded the mature stems of the plant.)

¶5. The statutes do not exclude the consideration of stems from the process of determining whether marijuana is manufactured. Whether Whitworth actually manufactured the marijuana in question, stems included, was properly a question for the jury, and the jury has spoken.

**¶6. CONVICTION OF MANUFACTURING LESS THAN ONE (1) KILOGRAM BUT MORE THAN ONE (1) OUNCE OF MARIHUNA, A CONTROLLED SUBSTANCE, WITHIN 1500 FEET OF A BUILDING WHICH IS ALL OR PART OF A PUBLIC ELEMENTARY SCHOOL AND SENTENCED TO SERVE TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY A $5,000.00 FINE AND ALL FEES AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**